CLARK *et al. v.* UNION SCHOOL DISTRICT *et al.*

RUSSELL, C. J. In the bill of exceptions appears the following recital: "Plaintiffs in error make no exceptions to any of the proceedings calling said bond election, nor as to the legality of the notices except as to the publication of the same, which shows on its face that the same was published once a week for six weeks next preceding said election, which was actually thirty-five days between the first publication and the day of the election; plaintiffs in error contending that this was in violation of the rule requiring said notice to be published only thirty days previous to the election, and cites in this connection 116 *Ga.* 491." The recital just quoted is immediately followed by this language: "They assign as error the overruling of the following motion by the court." Following this the motion is thus stated in the portion of the bill of exceptions: "The defendants made a motion that the court dismiss the petition and declare the election void, on the ground that it was not advertised according to the law as set out in section 440 of Park's Code of Georgia, requiring that bond elections be advertised in the paper in which the sheriff's advertisements are published for a period of thirty days next preceding the day of the election, also citing the decision in the 116th Georgia Report, page 491, which motion was overruled by the court." This is the only complaint in the bill of exceptions. If any question is presented by this complaint upon the overruling of the motion referred to, it is not a constitutional question or any other question over which the Supreme Court has jurisdiction, but is a question solely and exclusively in the jurisdiction of the Court of Appeals; and the case is therefore trans-

Courts, 15 C. J. p. 1039, n. 52.

ferred to the Court of Appeals. This is so although an attempt is made to raise a constitutional question in the answer.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 5363.   JULY 16, 1926.

Validation of school bonds. Before Judge Littlejohn. Webster superior court. February 22, 1926.

*R. L. Gillen, M. A. Walker,* and *G. Y. Harrell,* for plaintiffs in error.

*Jule Felton, solicitor-general, Cleveland Rees,* and *J. E. D. Shipp,* contra.